# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**CHRISTOPHER BAITY,**

    **Petitioner,**

**v.**                                              **Case No. 4:18cv003-WS/CAS**

**MARK S. INCH, Secretary,**
**Florida Department of Corrections,**

    **Respondent.**
_____/

## REPORT AND RECOMMENDATION TO DENY MOTION
## TO DISMISS AMENDED § 2254 PETITION AS UNTIMELY

On December 18, 2017, Petitioner, Christopher Baity, a prisoner in the custody of the Florida Department of Corrections, with counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  ECF No. 1.  Pursuant to order, Petitioner filed an amended petition on the proper form on October 29, 2018.[1]  ECF No. 15, 22.  On June 14, 2019, Respondent filed a motion to dismiss the amended complaint as untimely.  ECF No. 28.  Petitioner filed a reply on July 24, 2019.  ECF No. 29.

The matter is referred to the undersigned United States Magistrate Judge for issuance of all preliminary orders and any recommendations to

---

[1] The initial petition was dismissed without prejudice due to a clerical error for failing to pay the filing fee, ECF No. 10, but was reopened.  ECF No. 14.

the district court regarding dispositive matters, pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration of all issues raised by the parties, the undersigned has determined that no evidentiary hearing is required. As explained below, based on the pleadings and attachments before the Court, the undersigned has determined Respondent's motion to dismiss should be denied and the Respondent should be directed to file a response to the amended § 2254 petition.

## Procedural History

Petitioner was charged in the Circuit Court of Leon County, Florida with four counts: Count I, second-degree felony murder on January 12, 2010; Count II, attempted armed robbery with a firearm on January 12, 2010; Count III, armed robbery with a firearm on January 13, 2010; and Count IV, Burglary of a conveyance on January 13, 2010. Ex. A at 25-29. Petitioner was tried on June 29, 2011, and found guilty as charged in Counts II and III, and guilty of the lesser offense of burglary of a conveyance while armed with a firearm in Count IV. Ex. A at 235-38.[2] The

---

[2] Hereinafter, citations to the state court record, "Ex. –," refer to Exhibits A through N submitted in conjunction with Respondent's motion to dismiss. *See* ECF No. 28, 28-1 through 28-16. Respondent's filing of the electronic record divided into alphabetical sections is appreciated.

jury found that Petitioner possessed a firearm with regard to Counts II, III, and IV  The jury deadlocked on Count I and Petitioner was retried on September 14, 2011.  He was found guilty as charged of second-degree felony murder with the specific finding that he discharged a firearm.  Ex. A at 289-90.

Petitioner was sentenced as a prison releasee reoffender under section 775.082(8), Florida Statutes, to fifteen years in prison for Count II and to life in prison in Counts III and IV, with a ten-year firearm minimum mandatory sentence under section 775.087, Florida Statutes.  Ex. A at 244-45.  Petitioner was also sentenced to life in prison on Count I, with a twenty-year minimum mandatory term pursuant to section 775.087, Florida Statutes.  Ex. A at 291-300.

Petitioner appealed to the First District Court of Appeal where a counseled Anders brief was filed in case number 1D11-4286.[3]  Petitioner's counsel raised two sentencing errors in a motion under Florida Rule of Criminal Procedure 3.800(b) concerning costs and offense classification for second-degree murder.  Ex. D, E at 54-59.  The appellate court affirmed

---

[3] Anders v. California, 386 U.S. 738, 744 (1967) (holding that when appointed counsel finds the appeal to be frivolous, counsel should so advise the court after a conscientious examination of the record and reference to anything in the record that might support an appeal, and counsel may request permission to withdraw).

the judgments and sentences on April 16, 2013, but remanded to the trial court to strike the $20 surcharge and to correct the judgment and sentence to reflect that the second-degree murder conviction was a first-degree felony punishable by life in prison. Ex. F. Mandate was issued on May 14, 2013. *See* Baity v. State, 111 So. 3d 267 (Fla. 1st DCA 2013). Ex. F.

On May 9, 2014, Petitioner filed a pro se motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850 alleging three claims.[4] Ex. G at 3-12. The court summarily denied Claim 1 as refuted by the record and set an evidentiary hearing on Claims 2 and 3. Ex. G at 23-63. An evidentiary hearing was held on March 2, 2015. Ex. G at 70-106. The post-conviction judge denied the motion on the record and advised Petitioner that a written order would follow. Ex. G at 105.

Petitioner did not receive a copy of a written order and approximately nine months later, on December 10, 2015, he inquired of the clerk's office as to the current status of his motion. Ex. H (*see* appendix B-1 to petition for belated appeal). Petitioner was then provided a copy of the written order denying post-conviction relief rendered on March 10, 2015, by Circuit

---

[4] The three claims raised in the post-conviction motion were: (1) ineffective assistance of trial counsel by failing to confront co-defendant regarding his motive to testify; (2) ineffective assistance of trial counsel by interference with Petitioner's right to testify; and (3) ineffective assistance of trial counsel by failing to object to the prosecutor's conflict of interest and/or bias. Ex. G at 3-12.

Case No. 4:18cv003-WS/CAS

Court Judge Terry Lewis.  Ex. H (*see* appendix A to petition for belated appeal).  The order had been timely provided to the prosecutor and the public defender, although Petitioner was pro se in his postconviction proceeding.

Petitioner filed a Petition for Writ of Habeas Corpus for Belated Appeal in the First District Court of Appeal pursuant to Florida Rule of Appellate Procedure 9.141(c).  Ex. H.  Belated appeal was granted after it was recommended by Judge Lewis, sitting as a special master, and briefing was ordered.  Exs. I, J.  *See* Baity v. State, 191 So. 3d 1006 (Fla. 1st DCA 2016) (mem).  Petitioner filed a pro se initial brief appealing denial of all three post-conviction claims, Ex. K, and the State filed an answer brief.  Ex. L.  The First District Court of Appeal affirmed per curiam without opinion on October 26, 2017.  The mandate was issued on December 22, 2017.  Ex. M.  *See* Baity v State, 236 So. 3d 346 (Fla. 1st DCA 2017) (table).

On December 18, 2017, Petitioner filed his petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254.  ECF No. 1.  Respondent has filed a motion to dismiss the petition as untimely.  ECF No. 28.

Case No. 4:18cv003-WS/CAS

## Analysis

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), there is a one-year limitations period for filing a § 2254 petition.  28 U.S.C. § 2244(d)(1).  Unless the time period is tolled or other exceptions apply, the one-year statute of limitations for filing a writ of habeas corpus runs from the date on which the judgment became final, which for a state prisoner is when the United States Supreme Court denies *certiorari* or issues a decision on the merits, or when the 90-day period in which to file a *certiorari* petition expires.  Brooks v. Sec'y, Dep't of Corr., 201 F. App'x 725, 726 (11th Cir. 2006) (citing Bond v. Moore, 309 F.3d 770, 773-74 (11th Cir. 2002)).  The 90-day period for seeking certiorari review in the Supreme Court runs from the date of the opinion or denial of rehearing, not the mandate.  *See* S. Ct. Rule 13(3).

The time frame may commence later based on: the date on which an unconstitutional impediment preventing the applicant from filing is removed; the date on which the constitutional right asserted was recognized by the U.S. Supreme Court and made retroactive on collateral review; and the date on which the factual predicate for the claim could have been discovered with due diligence.  28 U.S.C. § 2244(d)(1)(B)-(D).  The period is also tolled for the time during which a properly filed application or other

collateral review with respect to the pertinent judgment or claim is pending. 28 U.S.C. § 2244(d)(2).

The time may also be equitably tolled in rare cases, but "only if petitioner establishes both extraordinary circumstances and due diligence." Diaz v. Sec'y for Dep't of Corr., 362 F.3d 698, 702 (11th Cir. 2004). "Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." Helton v. Sec'y for Dep't of Corr., 259 F.3d 1310, 1312 (11th Cir. 2001). The burden of establishing entitlement to this extraordinary remedy rests squarely with the petitioner.  San Martin v. McNeil, 633 F.3d 1257, 1269 (11th Cir. 2011).

To demonstrate entitlement to equitable tolling, a petitioner must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).  It is "an extraordinary remedy which is typically applied sparingly."  Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir. 2006); Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000).

**Timeliness**

Petitioner's conviction became final for purposes of commencement of the § 2254 limitations period on July 15, 2013, upon expiration of the 90 days in which to seek certiorari review in the United States Supreme Court after the First District Court of Appeal issued an opinion affirming his judgment and sentence on direct appeal on April 16, 2013.  *See* Brooks, 201 F. App'x at 726.

Respondent contends that the § 2254 petition should be dismissed as untimely.  ECF No. 28.  Respondent notes that at the March 2, 2015, evidentiary hearing on Petitioner's motion for post-conviction relief, the judge advised Petitioner, who was acting pro se, that he would issue a final written order after the hearing.  Ex. G at 105.  A final order was rendered on March 10, 2015.  Ex. G at 69.  The limitations period began to run again on April 9, 2015, when the time to appeal the denial of post-conviction relief expired.  At that point, Petitioner still had 67 days left in which to timely file a § 2254 petition.

The final written order denying post-conviction relief was not sent to Petitioner, however, but was sent to the public defender's office, which was not representing Petitioner.  On December 10, 2015, Petitioner filed a Notice of Inquiry with the Clerk of Court asking the Clerk to advise him of

the current status of the motion for post-conviction relief. Ex. H (appendix B-1 to petition for belated appeal). Petitioner was provided a copy of the order on December 15, 2015, which he alleges he received on December 23, 2015. Ex. H (appendix B-2 to petition for belated appeal). Without equitable tolling, the one-year limitations period for filing a § 2254 petition would have run on June 15, 2015, before Petitioner received a copy of the order denying post-conviction relief.

On January 26, 2016, after receiving a copy of the order denying post-conviction relief, Petitioner filed a petition for belated appeal in the First District Court of Appeal. Ex. H. On May 20, 2016, the appellate court issued an opinion granting the belated appeal, which stated that when the mandate of that ruling was issued, the opinion would act as a notice of appeal in the circuit court. Ex. J. The mandate from the district court was received in the state circuit court on June 15, 2016. Ex. N at 4. The First District Court of Appeal docket shows that a Notice of Appeal was received in that court as per the opinion on June 16, 2016.[5] This commenced the authorized post-conviction appeal.

---

[5] *See* http://onlinedocketsdca.flcourts.org/DCAResults/CaseDocket?Searchtype=Case+Number&Court=1&CaseYear=2016&CaseNumber=2747

Case No. 4:18cv003-WS/CAS

The First District Court of Appeal affirmed denial of post-conviction relief on October 26, 2017, and issued the mandate on December 22, 2017, thus terminating state post-conviction proceedings.[6]  Ex. M. Petitioner filed his § 2254 petition in this court on December 18, 2017.  ECF No. 1.

Thus, if tolling is granted for the period from April 9, 2015, when his time to appeal the denial of postconviction relief (which Petitioner did not timely receive) expired, up until June 15, 2016, when Petitioner filed his notice of appeal in the authorized belated appeal, the § 2254 petition filed in this court would be timely.  The time during the authorized post-conviction appeal would be tolled because that appeal was then a properly filed application for state post-conviction relief; and Petitioner would still have 67 days in which to file his § 2254 petition.  The § 2254 was filed in this court on December 18, 2017, which was within the remaining 67 days. Petitioner replies that the Court should find equitable tolling due to extraordinary circumstances that prevented his timely filing of his § 2254

---

[6] When a Florida petitioner appeals a trial court's denial of a post-conviction application, the application remains pending until the appellate court issues its mandate." King v. Sec'y, Fla. Dep't of Corr., No. 16-14160-F, 2017 WL 6760186, at *2 (11th Cir. Jan. 5, 2017) (not reported in F.3d) (citing Nyland v. Moore, 216 F.3d 1264, 1267 (11th Cir. 2000)).  The one-year limitations period is tolled during times that a properly filed application for state post-conviction relief is pending.  § 2254(d)(2).

petition, and his reasonable diligence in pursuing his remedies. ECF No. 29. Based on the circumstances of this case, it is recommended that the equitable tolling be granted and Petitioner's § 2254 petition be found to be timely.

The delay in Petitioner's inquiry into the written order denying post-conviction relief was reasonable. The trial court advised Petitioner at the conclusion of the post-conviction evidentiary hearing that a written order would be forthcoming. Ex. G at 105. When substantial time passed during which no order was received, Petitioner inquired of the court clerk and learned that an order was rendered on March 10, 2015. Although Petitioner waited from March to December before he inquired, that time delay alone does not indicate a lack of reasonable diligence in light of the state court's assurance to him that a written order would be entered. As soon as Petitioner received the order, he acted quickly—in just a little over one month—to seek a belated appeal, which was granted. He also filed his § 2254 petition in this court as soon as he could after the state appellate court affirmed denial of his post-conviction claims.

The Supreme Court has explained that it is reasonable diligence, not maximum feasible diligence, that is required. Holland v. Florida, 560 U.S. 631, 653 (2010). The Eleventh Circuit has held that an eighteen-month

Case No. 4:18cv003-WS/CAS

delay in inquiring about a previously entered order did not defeat a finding of reasonable diligence.  In <u>Knight v. Schofield</u>, 292 F.3d 709 (11th Cir. 2002), where the order was sent to the wrong person, the Court held that it was "understandable that [the defendant] did not make any inquiries [for eighteen months] because the Georgia Supreme Court clerk had assured him that he would be notified as soon as a decision was made."  *Id.* at 711 (quoted in <u>Mashburn v. Comm'r, Ala. Dep't of Corr.</u>, 713 F. App'x 832, 841 (11th Cir. 2017) (unpublished)).  In <u>Mashburn</u>, where the prisoner did not learn of the dismissal for sixteen months, the Court found that the prisoner acted with reasonable diligence to warrant equitable tolling where he did not receive any notice of order dismissing his post-conviction proceeding in spite of law requiring service of such order.  *Id.* at 840.  The Court in <u>Mashburn</u> also explained that the equitable tolling extended beyond just receipt of the order denying post-conviction relief because appeal of the order was required in order to exhaust his state remedies.  *Id.* at 842.

In this case, the trial court advised petitioner he would receive a written order denying the post-conviction claims.  After Petitioner inquired and received the order denying his Rule 3.850 motion, Petitioner acted quickly to file a petition for belated appeal because appeal was necessary to exhaust his remedies as to the post-conviction claims.  Immediately

upon affirmance by the state First District Court of Appeal—and finalization of his state post-conviction proceedings—Petitioner filed his § 2254 petition in this court.  Petitioner has met both requirements for equitable tolling—extraordinary circumstances and reasonable diligence.  Thus, the motion to dismiss the § 2254 petition as untimely should be denied based upon application of equitable tolling and Respondent should be directed to file an answer to the amended petition within thirty (30) days.

### Recommendation

It is respectfully **RECOMMENDED** that Respondent's motion to dismiss the amended § 2254 petition (ECF No. 22) be **DENIED**, that Respondent be directed to answer the amended petition within thirty (30) days, and that Petitioner be directed to file a reply, if any, within thirty (30) days after service of the answer.

**IN CHAMBERS** at Tallahassee, Florida, on July 29, 2019.

        <u>S/  Charles A. Stampelos</u>
        **CHARLES A. STAMPELOS**
        **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon**

**all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**

Case No. 4:18cv003-WS/CAS