**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**CHRISTOPHER BAITY,**

    **Petitioner,**

v.                                              **Case No. 4:18cv003-WS/MAF**

**RICKY D. DIXON, Secretary,
Florida Department of Corrections,[1]**

    **Respondent.**
_____/

## REPORT AND RECOMMENDATION

Petitioner Christopher Baity, a state inmate proceeding pro se, has filed a "Relief from Judgment or Order," pursuant to Rule 60(b)(6). ECF No. 41. The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). For the reasons stated herein, Petitioner's filing, considered as a Rule 60(b) motion (ECF No. 41), should be denied.

## Background

On December 18, 2017, Petitioner Baity, through counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1.

---

[1] The Clerk of Court shall substitute Ricky D. Dixon as Secretary of the Florida Department of Corrections. Ricky Dixon succeeded Mark S. Inch as Secretary and is automatically substituted as Respondent pursuant to Federal Rule of Civil Procedure 25(d).

The petition was not on the proper form. ECF No. 3. After direction from this Court, he ultimately submitted, through counsel, an amended § 2254 petition on the proper form, ECF No. 22, as well as a supporting memorandum, ECF No. 23, on October 29, 2018. By order on October 31, 2018, this Court directed Respondent to file an answer, motion, or other response on or before January 29, 2019, and allowed Petitioner to file a reply, if any, no later than February 28, 2019. ECF No. 24. Respondent did not file anything in response to that order, evidently because Respondent was not served, so by order on February 4, 2019, this Court again ordered Respondent to file an answer, motion, or other response, on or before May 6, 2019, and allowed Petitioner to file a reply, if any, no later than June 5, 2019. ECF No. 25. Counsel for Respondent requested an extension of time, ECF No. 26, which this Court granted by order on May 8, 2019, ECF No. 27, allowing Respondent until July 5, 2019, to file a response and allowing Petitioner until August 5, 2019, to file a reply, if any.

On June 14, 2019, Respondent filed a motion to dismiss the petition as untimely, with exhibits. ECF No. 28. On July 24, 2019, through counsel, Petitioner filed a reply to the motion to dismiss, arguing, among other things that Petitioner was entitled to equitable tolling. ECF No. 29. Also on July 24, 2019, Petitioner's counsel filed a motion to withdraw as attorney of record

due to health issues forcing his retirement as well as a Florida Supreme Court order suspending him from law practice for one year.  ECF No. 30.

In a Report and Recommendation entered July 29, 2019, the magistrate judge recommended that Respondent's motion to dismiss be denied and Respondent directed to file an answer to the amended § 2254 petition.  ECF No. 31.  By order on July 30, 2019, the magistrate judge granted the motion to withdraw filed by Petitioner's counsel, explaining that Petitioner would have sufficient time to retain new counsel, if he wanted to do so.  ECF No. 32.

By order on August 29, 2019, ECF No. 35, the district judge adopted the Report and Recommendation, denied Respondent's motion to dismiss, and noted that Respondent had filed an answer, ECF No. 34, to the amended § 2254 petition that same day.  By order on October 21, 2019, the magistrate judge allowed Petitioner Baity until November 21, 2019, to file a reply to the answer, if he wished to do so.  ECF No. 36.  Petitioner did not file a reply.  See ECF No. 37.

In a Report and Recommendation entered December 6, 2019, the magistrate judge recommended that the amended § 2254 petition be denied. ECF No. 37.  No objections were filed.  See ECF No. 38.  By order on January 9, 2020, the district judge adopted the Report and Recommendation

and denied the amended habeas corpus petition. ECF No. 38; see ECF No. 39. Petitioner Baity did not appeal.

On May 15, 2024, Petitioner Baity submitted for mailing a document titled "Relief from Judgment or Order," pursuant to "Rule 60(b)(6)." ECF No. 41. In this document, Petitioner sets forth the procedural history of his underlying state court case and the § 2254 proceeding in this court. *Id*. He then cites Federal Rule of Civil Procedure 60(b)(6) and asserts "two claims, (1) that as a result of covid-19 pandemic, and his attorney's neglect, coupled with [2] this Court's possible lack of jurisdiction 'establishes extraordinary circumstances' justifying the re-opening of the final judgment in Baity's case." *Id*. at 5.

## Analysis

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." Gonzalez v. Crosby, 545 U.S. 524, 528 (2005). A Rule 60(b) motion may be brought in a habeas case when it "attacks, not the substance of the federal court's resolution on the merits, but some defect in the integrity of the federal habeas proceedings." *Id*. at 532; *see* Williams v. Chatman, 510 F.3d 1290, 1293-95 (11th Cir. 2007). Specifically, Rule 60(b) provides "[o]n motion and just

terms, the court may relieve a party or its legal representative from a final judgment" for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

Based on Baity's assertions in his Rule 60(b) filing, quoted above, the Court considers it as a motion as made pursuant to Rule 60(b)(6), "the catchall provision of the Rule." Cano v. Baker, 435 F.3d 1337, 1342 (11th

Cir. 2006); see Kemp v. United States, 142 S. Ct. 1856, 1861 (2022) ("Under Rule 60(b)(1), a party may seek relief based on 'mistake, inadvertence, surprise, or excusable neglect.' Rules 60(b)(2) through (b)(5) supply other grounds for reopening a judgment. Finally, Rule 60(b)(6) provides a catchall for 'any reason that justifies relief.' This last option is available only when Rules 60(b)(1) through (b)(5) are inapplicable."); Motes v. Couch, 766 F. App'x 867, 870 (11th Cir. 2019) (explaining district court properly construed habeas petitioner's pro se motion to set aside judgment dismissing petition as motion based on newly discovered evidence pursuant to Rule 60(b)(2), rather than motion based on any other reason justifying relief pursuant to Rule 60(b)(6), where petitioner "explicitly alleged he had new evidence in support of his claims" and because "Rule 60(b)(6) is inappropriate where the motion fits into one of the grounds listed in subsections (1)-(5)").

"Rule 60(b)(6) motions must demonstrate 'that the circumstances are sufficiently extraordinary to warrant relief" and "[e]ven then, whether to grant the requested relief is . . . a matter for the district court's sound discretion." Cano, 435 F.3d at 1342 (quoting Toole v. Baxter Healthcare Corp., 235 F.3d 1307, 1317 (11th Cir. 2000)). See Griffin v. Swim-Tech Corp., 722 F. 2d 677, 680 (11th Cir. 1984) (explaining Rule 60(b)(6) is "a broadly drafted

umbrella provision which has been described as 'a grand reservoir of equitable power to do justice in a particular case when relief is not warranted by the preceding clauses" and "[i]t is well established . . . that relief under this clause is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances").  "The party seeking relief has the burden of showing that absent such relief, an 'extreme' and 'unexpected' hardship will result."  <u>Griffin</u>, 722 F.2d at 680 (quoting <u>United States v. Swift & Co.</u>, 286 U.S. 106, 119 (1932)).

Relief is not warranted under Rule 60(b)(6) in this case.  Baity first asserts that as a result of his counsel's negligence, "he knew nothing of the court's 'leave to file a reply'" and "[a]t the relevant time of responding to the courts orders of which Petitioner Baity never received the courts and attorneys were suffering from the pit-falls of the Covid-19 pandemic, and that, he was not receiving mail on close management (CM) in the custody of the Department of Corrections."  As set forth above, the magistrate judge granted counsel's motion to withdraw in an order entered July 30, 2019, and the magistrate judge entered an order on October 21, 2019, allowing Baity to file a reply to Respondent's answer on or before November 21, 2019, ECF No. 36.  On December 6, 2019, the magistrate entered the Report and Recommendation addressing the amended habeas petition, ECF No. 37,

Case No. 4:18cv003-WS/MAF

and the district judge adopted that Report and Recommendation and denied habeas relief by order entered January 9, 2020, noting Baity had not filed an objection, ECF No. 38.  The Covid-19 pandemic did not begin until two months later, in March 2020, after this case was closed.  *See, e.g.*, United States v. Vargas, 97 F.4th 1277, 1291 (11th Cir. 2024) (explaining "the period beginning in March 2020, when the COVID-19 pandemic hit, and lasting for some sixteen months" was not a delay for which the Government was responsible, between Vargas's indictment in September 2018 and his arrest in August 2021, and noting the World Health Organization "declared the COVID-19 outbreak a global pandemic on March 11, 2020," and "then-President of the United States Donald Trump declared a national emergency on March 13"); United States v. Dunn, 83 F.4th 1305, 1307 (explaining Dunn was arrested on March 10, 2020, "[t]he next day, on March 11, the World Health Organization declared the COVID-19 outbreak a global pandemic" and "on March 13, the President of the United States declared a national emergency").

Moreover, even assuming the pandemic caused any delay in Baity receiving information about his habeas case, he did not file this 60(b) motion until May 15, 2024, well after any restrictions or conditions caused by the pandemic had ended.  Thus, Baity's first argument should be rejected.

Petitioner Baity asserts "his second reason for justifying 60(b)(6) relief is based on the confusing 'background and procedural history' as memorialized in the R & R attached hereto," in which "Judge Stampelos explained in the report that among other things, Petitioner on December 18, 2017 . . . with counsel . . . [f]iled an amended petition on the proper form and a memorandum of law on October 29, 2018." ECF No. 41 at 7-8. Petitioner Baity asserts that "relevant to this second reason is the fact that, right before this court can accept jurisdiction Petitioner Baity had to have completed his State court proceedings such as complete exhaustion of State action." *Id*. at 8. Baity asserts the mandate in his case in the First District Court of Appeal issued on December 22, 2017, "so how could he have filed his 2254 4-days before his mandate issued." *Id*. Baity asserts "with these time tables in mind it is obvious that the U.S. District Court could not have accepted jurisdiction on Baity's 28 U.S.C. 2254, petition because it is obvious the mandate issued after the petition was filed and he is requesting 60(b)(6) relief as a result." *Id*.

Baity's second argument should also be rejected. Pursuant to 28 U.S.C. § 2254(a), a federal district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation

of the Constitution or laws or treaties of the United States." Although such application could be filed before a petitioner has finished exhausting his state court remedies, "the application shall not be *granted* unless it appears that . . . the applicant has exhausted" his state court remedies. 28 U.S.C. § 2254(b)(1)(A) (emphasis added); *see, e.g.*, O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999) ("Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court."). The federal habeas statute specifically provides that "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2). "Exhaustion of state remedies" may be waived and it "is not a concept of subject matter jurisdiction but rather of federalism and comity, intended to give the state the initial opportunity to decide alleged violations of constitutional rights." Thompson v. Wainwright, 714 F.2d 1495, 1503-04 (11th Cir. 1983); *see* 28 U.S.C. § 2254(b)(3).

## Conclusion

It is therefore respectfully **RECOMMENDED** that the Rule 60(b) motion (ECF No. 41) be **DENIED**.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted). Therefore, the Court should deny a certificate of appealability. The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." The parties shall make any argument as to whether a certificate should issue by filing objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

Case No. 4:18cv003-WS/MAF

### Recommendation

It is therefore respectfully **RECOMMENDED** that the Rule 60(b) motion (ECF No. 41) filed by Petitioner Baity be **DENIED**. It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**. The Clerk of Court shall substitute Ricky D. Dixon as Secretary of the Florida Department of Corrections.

**IN CHAMBERS** at Tallahassee, Florida, on May 30, 2024.

S/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1; 28 U.S.C. § 636.